UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-1032-AB (SK) | Date | February 18, 2021 |
|---|---|---|---|
| Title | Hilton Mincy v. State of California et. al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Erica Valencia | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In 2018, Petitioner was convicted and sentenced in California state court for felony possession of drugs. That California conviction evidently led to a violation of Petitioner's parole from an earlier unrelated conviction that he sustained in Pennsylvania. And because of that parole revocation, Petitioner received a custodial term of imprisonment that he is currently serving at the State Correctional Institution in Huntington, Pennsylvania. Petitioner now seeks to overturn his 2018 California conviction through a habeas petition filed here in February 2021. (ECF 1). The petition appears deficient on its face, however, for three reasons.

First, public records suggest that Petitioner has completed his sentence from his 2018 California conviction. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of public state court records). If that is correct, Petitioner is not in custody for the California conviction he is challenging in his petition. To invoke this Court's habeas jurisdiction, Petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Otherwise, this court has no jurisdiction to review Petitioner's habeas claims attacking his 2018 California conviction. *See Id.* at 492. It makes no difference—for jurisdictional purposes—that the California conviction may have been the basis to revoke his Pennsylvania parole. The custodial term Petitioner is now serving as a result of his parole revocation is legally part of his sentence from the Pennsylvania conviction (which is unchallenged), not part of any completed sentence from the California conviction (which is what Petitioner wants to challenge). *See Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001).

Second, the court lacks personal jurisdiction over the respondents that Petitioner has named. *See* 28 U.S.C. § 2242; *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003). The correct respondent is "the person who has custody over [the petitioner]" and "the ability to produce [his] body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-1032-AB (SK) | Date | February 18, 2021 |
|---|---|---|---|
| Title | Hilton Mincy v. State of California et. al. | | |

(2004). Generally, this means the warden of the facility where the prisoner is held. *See Id*. at 438. Because none of the named respondents here—the State of California, the County of Los Angeles, the California Attorney General, or the Los Angeles District Attorney—has custody of Petitioner while he is in a Pennsylvania prison, the court cannot proceed with the petition as alleged.

Third, Petitioner states that his petition contains both exhausted and unexhausted claims. (ECF 1 at 4, 6, 18). If that is correct, his petition is a "mixed petition" that the court cannot review so long as any unexhausted claims remain in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). That said, not even the claims Petitioner alleges he has exhausted appear to have been exhausted. (ECF 1 at 3-5). A claim is not exhausted until it has been raised in a complete round of direct appeals or state habeas proceedings up to the highest state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Yet the public records show no evidence that Petitioner has raised any of his claims—including ones he alleges are exhausted—in a petition to the California Supreme Court. If, on the other hand, he did petition the California Supreme Court but did so too late, Petitioner's claims in any such untimely state petition would be procedurally defaulted and thus unreviewable in federal court. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (procedural default in state court forecloses federal habeas review absent showing of cause and prejudice).

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **March 20, 2021** why the Court should not summarily dismiss his habeas petition on the grounds above. Petitioner's response must show, first and most importantly, that he is in custody for the California conviction he seeks to challenge. If he is, Petitioner must then also show that all his habeas claims he wants to pursue in federal court have been exhausted in the California Supreme Court and are not procedurally defaulted. For any procedurally defaulted claims Petitioner wants to pursue, he must demonstrate cause and prejudice. And if he can carry all these burdens, Petitioner must still amend his petition to name the correct respondent (and to delete any unexhausted claims that might otherwise make his petition mixed). This order thus grants Petitioner leave to file an amended petition if—and only if—he can make all the required showings and correct all the current petition's pleading defects. Alternatively, if Petitioner cannot make these showings or cure these defects (or no longer wishes to pursue this action for any reason), he may voluntarily dismiss the action using the attached form CV-09.

**Failure to file a timely and satisfactory response to this order, including an amended petition if appropriate, may lead to involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|                                    | CASE NUMBER                                                                                 |
|------------------------------------|---------------------------------------------------------------------------------------------|
| Plaintiff(s),<br>v.<br>Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                              *Signature of Attorney/Party*

*NOTE: **F.R.Civ.P. 41(a):** This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*  **F.R.Civ.P. 41(c):** Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

CV-09 (03/10)        **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)**